(41 App. Div. 224.)

LONSDALE v. LONSDALE.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. DIVORCE—TEMPORARY ALIMONY.
    Code Civ. Proc. § 1769, authorizing the court, pending suit for divorce, to require the husband to pay any sum necessary to enable the wife to carry on or defend the action, or for her support, does not authorize a final judgment for alimony, where no previous order for the payment of suit money was made.

2. SAME—COSTS.
    In a suit for divorce, taxable costs only may be awarded.

Appeal from trial term, Kings county.

Suit by John F. Lonsdale against Nettie E. Lonsdale. From an order dismissing the complaint and an order modifying the judgment, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry M. Dater, for appellant.
Samuel H. Randall, for respondent.

GOODRICH, P. J. In an action for divorce brought by the husband against his wife, a motion was made for the trial by jury of the questions relating to the defendant's alleged adultery. These issues were tried on January 4, 1899. The jury found such questions in favor of the defendant, and a judgment was entered on February 9th dismissing the complaint. After the jury trial, but before the entry of the judgment, the defendant moved for alimony and counsel fees; and the court, on hearing such motion, on February 9th, made an order that the plaintiff pay the defendant $5 per week alimony from the time of the commencement of the action, and that the defendant recover $250 costs; and on the same day the final judgment was entered.

The plaintiff contends that the court has no power to adjudge the payment of alimony otherwise than pendente lite, and that its

inclusion in the final judgment was error. It is elementary that this subject is entirely a matter of statute, and I find no provision of the Code of Civil Procedure which authorizes the granting of alimony except pendente lite. Section 1769 authorizes the court, in its discretion, during the pendency of an action for divorce, to make orders requiring the husband to pay "any sum or sums of money necessary to enable the wife to carry on or defend the action, * * * or for the support of the wife." This does not authorize a final judgment for alimony where no previous order to that effect has been made. No order was made herein until the day on which the final judgment was entered, and it cannot be said that any money was necessary to enable the wife to defend the action, which had then been practically terminated by the trial a month before, or for her support. All that remained to be done was the entry of the final judgment. In an action for divorce the award of costs is in the discretion of the court (section 3230, Code Civ. Proc.), but, where costs are awarded, they are taxable costs only. It was therefore error to award the gross sum of $250 in the final decree, without taxation. We are aware that it has been the practice at times to reserve the question of allowance of alimony and counsel fee until after the trial of the action. This practice, on occasions, is commendable, but it can only be adopted by the consent or stipulation of the husband or his counsel. If such stipulation is refused, the court to which the application was made must decide it upon the information then at its command.

The judgment should be modified so as to strike out the award to the defendant of alimony and fixed amount of costs, and to insert in lieu thereof the direction that the defendant recover the taxed costs of the action; neither party to have costs of this appeal. All concur.